**L.J. v. V.J.**

*Ronald J. Worobey,* for plaintiff.
*Joseph F. Iracki,* for defendants.

PODCASY, *J.,* February 12, 1990 — This matter comes before the court on the captioned defendants' preliminary objections in the nature of a motion to strike or dismiss complaint.

The action was commenced by the named plaintiff on September 18, 1989, seeking a declaratory judgment pursuant to sections 203, 204 and 205 of the Pa. Divorce Code, 23 P.S. §§203-205.

Plaintiff requests this court deem the marriage between his minor daughter, V.J., and L.F. be declared null and void.

It is alleged that the said minor was 16 years of age on August 11, 1989, when she married the said L.F., age 36, in Frederick County, Maryland. It is further alleged that the said minor, having not received the consent of her parents, was induced to enter into the marriage due to fraud, duress, coercion, or force exerted by defendant L.F. The gravamen of said averment is that the minor was suffering at the time of the marriage, and continues to suffer, from a severe mental disorder which dispels her capacity to consent to her marriage vows. Plaintiff contends the minor is being treated by a psychiatrist for the disorder.

On September 22, 1989, defendant L.F. filed the present preliminary objections in the nature of a

motion to strike or dismiss the complaint, the essence of which is two-fold: first, that plaintiff lacks standing under the law, and particularly the Divorce Code, to file the present complaint for declaratory judgment; and secondly, that the averments as to the minor's mental condition are not specifically set forth.

In order to properly dispose of the pending objections, it is necessary for this court to focus our attention on the Pa. Divorce Code, and particularly, sections 203, 204 and 205 thereof, governing the annulment and invalidity of marriages.

Section 204(3) of the code, 23 P.S. §204(3), declares that a marriage is void when either party to the marriage was incapable of consenting by reason of deficient mental capacity.[1] In circumstances of a void marriage, it is suggested by our courts that any party, such as the present plaintiff, may bring the action for annulment. *In Interest of Miller,* 301 Pa. Super. 511, 448 A.2d 25 (1982).

On the other hand, voidable marriages are governed by section 205 of the Pa. Divorce Code, 23 P.S. §205,[2] and include those marriages where one

---

1. The statute states in pertinent part:

"(a) Where there has been no confirmation by cohabitation following the removal of an impediment, the supposed or alleged marriage of any person shall be deemed void in the following cases:

"(3) Where either party to such marriage was incapable of consenting by reason of insanity or serious mental disorder, or otherwise lacked the capacity to consent or did not intend to assent to such marriage.

"(b) In all such cases of marriages which are void, the marriage may be annulled as set forth in section 203(1), or its invalidity may be declared in any collateral proceeding."

2. "Grounds for annulment of voidable marriages" provides in pertinent part:

"(a) The marriage of any person shall be deemed voidable and subject to annulment in the following cases:

party was induced to enter into the same due to the fraud, duress, coercion or force attributable to the other party. It is clear in these cases, however, that the marriage may be annulled only by either party thereto and is valid and subsisting unless and until challenged by one of them. *In Interest of Miller, supra;* Perlberger, Pa. Divorce Code §3.2 (1980).

The complaint in the instant matter is somewhat of a travesty in that plaintiff first avers that the marriage was entered into by the minor under the specter of fraud, duress, coercion or force. Consequently, in his complaint plaintiff is making allegation of a voidable marriage. If this is accepted as true, plaintiff has no standing under law to bring the action. 23 P.S. §205; *In Interest of Miller, supra.*

In paragraph 6 of the complaint, however, plaintiff avers that defendant is suffering from a severe mental disorder, which is being treated by a psychiatrist and which vitiates her capacity to consent to the marriage. In this realm, plaintiff is contending

---

"(2) Where either party was 16 or 17 years of age and lacked the consent of parent or guardian or express authorization of the court and has not ratified such marriage upon reaching the age of 18 and such proceeding for annulment is commenced within 60 days after the marriage ceremony.

"(5) Where one party was induced to enter into such marriage due to the fraud, duress, coercion, or force attributable to the other party, and there has been no subsequent voluntary cohabitation after knowledge of such fraud or release from the effects of fraud, duress, coercion or forces.

"(b) In all such cases of marriages which are voidable, either party thereto may seek and obtain an annulment of such marriage, but unless and until such decree is obtained from a court of competent jurisdiction, such marriage shall be valid and subsisting. The validity of such a voidable marriage shall not be subject to attack or question by any person if it is subsequently confirmed by the parties thereto or if either party has died."

that the marriage is allegedly void and by implication then, he is a proper party plaintiff under the law.

This court, however, cannot overlook that plaintiff's allegation of mental disorder is inherently vague and does not indicate the nature of the minor's mental infirmity, the treatment received therefor, and to what extend the same may have contributed to her lack of assent to the marriage. This information in our view is essential to plaintiff's cause of action under section 204 and must be adequately pled. In this respect, we remind the parties that pleadings serve the function of defining issues and giving notice to the opposing party of what the pleader intends to prove at trial, so that the opposition may in turn prepare to meet such proof with its own evidence. *Laursen v. General Hospital of Monroe County,* 259 Pa. Super. 150, 393 A.2d 761 (1978); *Bermeron v. Washinski,* 79 Luzerne Leg. Reg. 172 (1989).

Therefore, it is entirely proper under the circumstances because of both the inconsistent nature of plaintiff's pleading and the non-specific character of his allegations of a void marriage, to sustain defendants' preliminary objections while granting plaintiff leave to file an amended pleading consistent with the directives contained herein.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objections filed by defendant L.F. are granted;

(2) Plaintiff is permitted leave of court to amend his complaint consistent with the directives contained in our attached opinion; and

(3) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.